# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SHAW, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAC HOME LOANS SERVICING, LP,<br><br>Defendant. | Case No. 10cv2041 BTM(NLS)<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendant BAC Home Loans Servicing, LP ("BAC") has filed a motion for judgment on the pleadings on Plaintiff's unfair competition claim, Cal. Bus. & Prof. Code § 17200, et seq. For the reasons discussed below, Defendant's motion is **DENIED**.

## I. BACKGROUND

In November 2004, Plaintiff obtained a loan in the amount of $572,000 to purchase the property located at 1629 Mesa Verde Drive, Vista, California 92084 (the "Property"). (Compl. ¶¶ 5-6.) The loan was secured by a Deed of Trust. (RJN Ex. 1.) BAC services the loan. (Compl. ¶ 6.)

Plaintiff apparently defaulted on his loan, and on October 19, 2009, BAC caused to be recorded a Notice of Default. (Compl. ¶ 10.) In a letter dated October 29, 2009, BAC offered Plaintiff a loan modification. The letter explained that BAC had already approved

Plaintiff for the new loan modification program, which would reduce the outstanding debt, bring the loan current by capitalizing past due amounts, apply a fixed interest rate of 5.5% for the life of the loan, reamortize the loan over a 480-month period, and reduce the monthly payments. (Ex. 1 to Compl.)  The letter stated that to take advantage of the modification, all Plaintiff had to do was call BAC no later than November 19, 2009, and make the first monthly payment at the new amount of $2,711.92.

Prior to November 19, 2009, Plaintiff accepted the offer by first calling and then making the payment of $2,711.92. (Compl. ¶ 7.) The payment was accepted by BAC. (Id.) Plaintiff made additional payments under the Loan Modification Agreement in January, February, and March 2010. (Compl. ¶ 8.) During this time, Plaintiff called BAC several times to inquire about the loan modification paperwork. (Id.) BAC told Plaintiff that the paperwork would be forthcoming and that Plaintiff should just continue making his payments. (Id.)

Plaintiff made a payment under the Loan Modification Agreement in April 2010 as well. (Compl. ¶ 9.) However, that payment was returned to Plaintiff by BAC, with a letter stating that the amount was insufficient. (Id.) Plaintiff made repeated calls to BAC to find out why the payment was rejected. (Id.) Plaintiff was eventually informed by BAC that it had no record of Plaintiff's acceptance of the Loan Modification Agreement, that Plaintiff was delinquent, and that BAC intended to foreclose. (Id.)

On or about May 11, 2010, BAC caused to be recorded a notice of sale. (Compl. ¶ 10.) The Trustee's Sale has been postponed several times, and it appears that the sale has not yet taken place.

In his Complaint, Plaintiff asserts claims for (1) breach of contract; and (2) violation of Cal. Bus. & Prof. Code § 17200. Plaintiff brings this action individually and on behalf of a purported class consisting of:

> All individuals in California with home loans serviced by BAC  Home Loans Servicing LP who received and accepted loan modification offers and made payments under the modification and which modification was later rejected or denied by BAC, during the period 2007 to the present.

(Compl. ¶ 11.)  Plaintiff seeks damages, restitution, attorney's fees, and a permanent injunction enjoining BAC "from the improper conduct and deceptive practices alleged herein,

including but not limited to offering Loan Modification Agreements without restriction or condition and then refusing to perform such Loan Modification Agreements after acceptance by the obligor of the offer." (Prayer for Relief ¶ 1.)

## II. STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner & Co, Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). All allegations of fact by the party opposing the motion are accepted as true, and construed in the light most favorable to that party. General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989).

Courts have discretion to grant Rule 12(c) motions with leave to amend. In re Dynamic Random Access Memory Antitrust Litigation, 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007). Courts also have discretion to grant dismissal on a 12(c) motion, in lieu of judgment, on any given claim. Id.; see also Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979).

## III. DISCUSSION

BAC moves for judgment on the pleadings on Plaintiff's § 17200 ("UCL") claim. BAC argues that Plaintiff lacks standing to assert a UCL claim because Plaintiff cannot allege a loss of money or property. The Court disagrees.

In 2004, voters approved Proposition 64, which restricted UCL standing to any "person who has suffered injury in fact and has lost money or property" as a result of unfair competition. Cal. Bus. & Prof. Code § 17204. Proposition 64 addressed the concern of voters that the former law resulted in misuse by private attorneys who would "[f]ile lawsuits

1 for clients who have not used the defendant's product or service, viewed the defendant's
2 advertising, or had any other business dealing with the defendant." Proposition 64, § 1,
3 subd. (b)(3).

4     BAC argues that Plaintiff has not lost money or property. BAC reasons that the
5 payments Plaintiff made pursuant to the terms of the alleged loan modification were due
6 under the original note anyway and were credited to Plaintiff's account. BAC also points out
7 that the property has not been sold.

8     However, assuming there was a loan modification agreement, the terms of the
9 modification agreement superceded those of the original note. By making payments under
10 the loan modification agreement, Plaintiff was entitled to the benefits of the loan modification
11 agreement, including BAC not taking foreclosure action. If BAC caused a notice of sale to
12 be recorded even though Plaintiff complied with the terms of the loan modification
13 agreement, Plaintiff did not receive the benefit of his bargain.

14     In the recent case of <u>Kwikset Corp. v. Superior Court</u>, 51 Cal. 4th 310, 2011 WL
15 240278, at *6 (2011), the California Supreme Court explained that there are "innumerable
16 ways in which economic injury from unfair competition may be shown." For example, a
17 plaintiff may "surrender in a transaction more, or acquire in a transaction less, then he or
18 otherwise would have." <u>Id.</u> In <u>Kwikset</u>, the consumers had standing to sue because they
19 did not receive the benefit of their bargain – they paid for locksets labeled "Made in U.S.A.,"
20 mistakenly believing that the locksets were entirely manufactured in the United States. If the
21 consumers had known that the locksets were mislabeled, they either would not have bought
22 the product or would not have been willing to spend as much money as they did. <u>Id.</u> at *10.

23     Assuming there was a loan modification agreement, Plaintiff was economically injured
24 because he made the monthly payments to obtain, among other things, BAC's forbearance
25 with respect to foreclosure proceedings. BAC may not have been under any duty to modify
26 the original note. But if BAC agreed to a loan modification, Plaintiff was entitled to the
27 benefit of the bargain.

28     BAC's argument that Plaintiff must identify a loss of money that is eligible for

restitution has been rejected by the California Supreme Court. In Kwikset, the California Supreme Court explained that nothing in the text or history of Proposition 64 suggests that voters intended for standing under § 17204 to be dependent on eligibility for restitution under § 17203. Id. at *14. "Accordingly, we hold ineligibility for restitution is not a basis for denying standing under section 17204 and disapprove those cases that have concluded otherwise." Id. at *15.

Even if Plaintiff is not eligible for restitution, Plaintiff has sufficiently pled economic injury and has standing to pursue a UCL claim.[1] Therefore, BAC's motion for judgment on the pleadings is denied.

## IV.  CONCLUSION

For the reasons discussed above, BAC's motion for judgment on the pleading is **DENIED**.

**IT IS SO ORDERED.**

DATED: February 28, 2011

Honorable Barry Ted Moskowitz
United States District Judge

---

[1] Plaintiff seeks an injunction that enjoins BAC "from the improper conduct and deceptive practices alleged herein, including but not limited to offering Loan Modification Agreements without restriction or condition and then refusing to perform such Loan Modification Agreements after acceptance by the obligor of the offer." BAC argues that this requested relief "has nothing to do with Plaintiff's foreclosure sale." (Reply at 4:10.) However, it seems that if BAC is enjoined from refusing to perform an accepted loan modification agreement, BAC cannot foreclose on homes when the property owner is in compliance with the terms of the loan modification agreement. BAC also argues that if Plaintiff seeks to enjoin the foreclosure sale, he must allege tender of the full amount owing on the loan prior to commencing suit. BAC is incorrect. Under California law, "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." Arnolds Management Corp. v. Eischen, 158 Cal. App. 3d 575, 577 (1984). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971). The reason for this requirement is that a court of equity will not use its remedial power to accomplish a futile act that has no beneficial purpose. Id. at 117-18. No sale has taken place in this case, therefore, the tender requirement does not apply. At any rate, the Court need not address the scope of the requested injunctive relief at this time. BAC's instant motion deals with whether Plaintiff has standing to pursue a UCL claim, a question which the Court has answered in the affirmative.