# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SHAW, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>BAC HOME LOANS SERVICING, LP,<br><br>Defendant. | Case No. 10cv2041 BTM(NLS)<br><br>**ORDER DENYING MOTION FOR CLASS CERTIFICATION** |

Plaintiff has filed a motion for class certification. For the reasons discussed below, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

## I. BACKGROUND

In November 2004, Plaintiff obtained a loan in the amount of $572,000 to purchase the property located at 1629 Mesa Verde Drive, Vista, California 92084 (the "Property"). (Compl. ¶¶ 5-6.) The loan was secured by a Deed of Trust. (RJN Ex. 1 filed on 12/9/10.) BAC Home Loans Servicing, LP ("BAC") services the loan. (Compl. ¶ 6.) (Bank of America, N.A. ("BANA"), is the successor by merger to BAC.)

Plaintiff apparently defaulted on his loan, and on October 19, 2009, BAC caused to be recorded a Notice of Default. (Compl. ¶ 10.) In a letter dated October 29, 2009, BAC offered Plaintiff a loan modification. The letter explained that BAC had already approved

Plaintiff for the new loan modification program, which would reduce the outstanding debt, bring the loan current by capitalizing past due amounts, apply a fixed interest rate of 5.5% for the life of the loan, reamortize the loan over a 480-month period, and reduce the monthly payments. (Ex. 1 to Compl.)  The letter stated that to take advantage of the modification, all Plaintiff had to do was call BAC no later than November 19, 2009, and make the first monthly payment at the new amount of $2,711.92.

Prior to November 19, 2009, Plaintiff accepted the offer by first calling and then making the payment of $2,711.92. (Compl. ¶ 7.) The payment was accepted by BAC. (Id.) Plaintiff made additional payments under the Loan Modification Agreement in January, February, and March 2010. (Compl. ¶ 8.) During this time, Plaintiff called BAC several times to inquire about the loan modification paperwork. (Id.) BAC told Plaintiff that the paperwork would be forthcoming and that Plaintiff should just continue making his payments. (Id.)

Plaintiff made a payment under the Loan Modification Agreement in April 2010 as well. (Compl. ¶ 9.) However, that payment was returned to Plaintiff by BAC, with a letter stating that the amount was insufficient. (Id.) Plaintiff made repeated calls to BAC to find out why the payment was rejected. (Id.) Plaintiff was eventually informed by BAC that it had no record of Plaintiff's acceptance of the Loan Modification Agreement, that Plaintiff was delinquent, and that BAC intended to foreclose. (Id.)

On or about May 11, 2010, BAC caused to be recorded a notice of sale. (Compl. ¶ 10.) The Trustee's Sale has been postponed several times, and it appears that the sale has not yet taken place.

In his Complaint, Plaintiff asserts claims for (1) breach of contract; and (2) violation of Cal. Bus. & Prof. Code § 17200. Plaintiff brings this action individually and on behalf of a purported class of similarly situated individuals.  Plaintiff seeks damages, restitution, attorney's fees, and a permanent injunction enjoining BAC "from the improper conduct and deceptive practices alleged herein, including but not limited to offering Loan Modification Agreements without restriction or condition and then refusing to perform such Loan Modification Agreements after acceptance by the obligor of the offer." (Prayer for Relief ¶

1.)

In an order filed on February 28, 2011, the court denied a motion for judgment on the pleadings brought by BAC.

## II. DISCUSSION

Plaintiff seeks to certify the following class:

> All individuals in California with home loans serviced by BAC Home Loans Servicing LP who during the period January 1, 2007 to the present, received, accepted and fully performed unconditional mortgage loan modification offers made by BAC pursuant to BAC's "Payment Option Arm Loan Modification Program" whose loan modification contract was later rejected or denied by BAC.

The Court denies Plaintiff's motion without prejudice because the class definition is imprecise, and it is unclear at this time whether Plaintiff can meet the requirements of Rule 23(a).

"As a threshold matter, and apart from the explicit requirements of Rule 23(a), the party seeking class certification must demonstrate that an identifiable and ascertainable class exists." Mazur v. eBay Inc., 257 F.R.D. 563, 567 (N.D. Cal. 2009). The class definition should be "precise, objective, and presently ascertainable." Id. (quoting O'Connor v. Boeing N. Am., Inc., 184 F.R.D. 311, 319 (C.D. Cal. 1998)). The class definition "must be sufficiently definite so that it is administratively feasible to determine whether a particular person is a class member." Wolph v. Acer America Corp., 272 F.R.D. 477, 482 (N.D. Cal. 2011).

The Court finds that the class definition is imprecise and overbroad. The definition oversimplifies the loan modification process under the BANA pay-option adjustable rate mortgage modification pilot program ("POA Pilot Program") and does not account for loan modifications that were never completed due to the borrower. Under the POA Pilot Program, 5,571 POA Pilot offer letters were sent to eligible California borrowers. (Pillado Decl. ¶ 4.) The borrowers were given three weeks to accept the modification by calling the toll-free number and making their first payment under the modified terms. (Aguilera Decl. (Ex. A to White Decl.) ¶ 8.) Each borrower who called and sent in his or her payment by the deadline was supposed to receive a formal loan modification agreement reflecting the terms set out

in the offer letter. (Aguilera Decl. ¶ 9.) The borrower would then be instructed to execute the loan modification agreement and return it to BANA. (Id.)

Of the 5,571 offers sent to California residents, only 931 borrowers verbally accepted the offer and made the initial payment. (Pillado Decl. ¶ 4.) Of these 931 borrowers, 837 modifications were completed. (Id.) There were 94 loans where the borrower accepted the POA Pilot offer and made the first payment but did not receive a loan modification.

Loretta Pillado, Assistant Vice President, Business Support Manager II, in the Customer Contact Relationship Deepening Department of BANA, explains that she researched the loan servicing history of a sample of the 94 loans that did not result in a loan modification, and discovered six loans where the borrower either failed to return the loan modification contract or expressed that he/she was no longer interested in the POA Pilot Program. (Pillado Decl. ¶ 9.) In contrast, Plaintiff's loan modification did not go through because the initial payment was applied toward Plaintiff's existing monthly payment, resulting in records that appeared to indicate that Plaintiff had not timely accepted the POA Pilot Program offer and was therefore ineligible for the program. (Id. at ¶¶ 11-12.) BANA claims that the "regular payment application may have happened because the account was not properly flagged as subject to the POA Program and its related procedures, or because the BANA payment processing employee mistakenly failed to note the BANA POA Pilot system flag." (Id. at ¶ 11.)

Plaintiff seeks to certify a class of "all individuals in California with home loans serviced by BAC Home Loans Servicing LP who during the period January 1, 2007 to the present, received, accepted and *fully performed unconditional mortgage loan modification offers* made by BAC pursuant to BAC's "Payment Option Arm Loan Modification Program" whose loan modification contract was later *rejected or denied by* BAC." (Emphasis added.) It is unclear what "full performance" means as used in the class definition. Is the definition limited to timely oral acceptance and initial payment or does it also require the timely return of the loan modification papers if they were sent to the borrower? Similarly, if BAC did not complete the loan modification because the borrower chose to no longer proceed with the

process, did BAC "deny" or "reject" the modification contract? If the definition includes loans that were not modified because the borrower failed to return the loan modification papers, chose to pursue other modification options, or otherwise demonstrated/expressed a lack of interest in continuing with the modification process, the definition is overbroad.

Even if the Court were to modify the class definition to apply only to those borrowers who (1) timely accepted the modification by calling the toll-free number and making the initial payment; (2) timely filled out and returned the loan modification papers (if they received them); (3) did not withdraw from the loan modification process or express a lack of interest in continuing with the modification; and (4) remained willing and able to proceed with the loan modification; but (5) nonetheless did not receive the loan modification as promised, Plaintiff has not established that the "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

The party seeking class certification bears the burden of demonstrating that the requirements of Rules 23(a) and (b) are met. Mario v. United Parcel Service, Inc., 639 F.3d 942, 947 (9th Cir. 2011). Rule 23 does not set forth a "mere pleading standard"; rather, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." Wal-Mart Stores, Inc. v. Dukes, __ U.S. __, 131 S. Ct. 2541, 2552 (2011).

It is unclear whether the six loans described by Pillado are exceptions or whether a substantial number of the 94 loans did not result in modification due to actions or circumstances of the borrower. In his reply brief, Plaintiff expresses skepticism that the six loans identified by Pillado are the result of a "random analysis." However, it is *Plaintiff's* burden to establish numerosity. Plaintiff has not provided any facts establishing what percentage of the 94 loans did not result in modification due to mistakes or errors on the part of BANA only. If, after further discovery, Plaintiff can present facts demonstrating that the requirements of Rule 23(a) and (b) have been satisfied, Plaintiff may bring a new motion for class certification.

### III. <u>CONCLUSION</u>

For the reasons discussed above, Plaintiff's motion for class certification is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

DATED:  December 29, 2011

*/s/ Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge