UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SHAW, individually and on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>BAC HOME LOANS SERVINGS, LP,<br><br>　　　　　　　　　　　　　　Defendant. | Civil No.   10cv2041-CAB (NLS)<br><br>**ORDER DENYING PLAINTIFF'S OBJECTION TO MAGISTRATE'S SCHEDULING ORDER**<br>**[Doc. No. 48]** |

　　　　On February 9, 2012, Plaintiff filed a Notice of Objection to Magistrate's Scheduling Order and Request for Reconsideration by the District Court. [Doc. No. 48.] On March 23, 2012, Defendant filed an opposition to Plaintiff's objection. [Doc. No. 51.] On April 6, 2012, Plaintiff filed a reply to the opposition. [Doc. No. 52.]  After a careful review of the parties' submissions, the Court deems Plaintiff's objection to Magistrate's Scheduling Order [Doc.No. 48]  suitable for adjudication without oral argument (*See* CivLR 7.1 (d.I)), and **HEREBY DENIES** Plaintiff's objection.

PROCEDURAL BACKGROUND

　　　　On February 17, 2011, Magistrate Judge Stormes held a Case Management Conference and set a deadline to file a motion for class certification (July 15, 2011) as well as a deadline for the completion of discovery related to class certification (May 13, 2011). [Doc. No. 28.] On May 6, 2011, pursuant to the stipulation of the parties, Magistrate Judge Stormes continued the deadline for completion of class discovery to May 27, 2011. [Doc. No. 32.]

　　　　On August 8, 2011, plaintiff filed a motion for class certification. [Doc. No. 40.] On December

29, 2011, District Judge Moskowitz denied without prejudice plaintiff's motion for class certification. [Doc. No. 43.][1] On January 4, 2012, Magistrate Judge Stormes scheduled a Case Management Conference for January 27, 2012, and ordered the parties to file a Joint Case Management Statement. [Doc. No. 44.] On January 20, 2012, the parties filed a Joint Case Management Conference Statement. [Doc. No. 45.] On January 27, 2012, a Case Management Conference was held and a scheduling order was issued. [Doc. No. 47.]

## DISCUSSION

### A. Legal Standard

A party may object to a non-dispositive pretrial order of a U.S. Magistrate Judge within fourteen days after service of the order. Fed.R.Civ.P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual determination and discretionary orders and will be overturned "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997).

### B. Analysis

Plaintiff objects to the scheduling order to the extent that it denies any further class discovery. [Doc. No. 48 at 3.] According to Plaintiff, when District Judge Moskowitz denied the motion for class certification, he did so without prejudice and essentially invited a new motion after further discovery. [Doc. No. 48 at 3, citing Doc. No. 43 at 5, ll. 26-28[2].] Defendant argues that plaintiff's objection should be overruled because plaintiff has not demonstrated that Magistrate Judge Stormes' ruling was "clearly erroneous." [Doc. No. 51 at 2.] In addition, Defendant argues that Magistrate Judge Storms considered all of plaintiff's arguments with regard to why he should be allowed further class discovery, and specifically denied that request. [*Id.*] Finally, defendant argues that Magistrate Judge Stormes' ruling was correct because Plaintiff's proposed discovery would be improper and unmanageable. [*Id.*]

---

[1] This Court does not consider Plaintiff's Objection to Magistrate Judge Stormes' order to be a motion for reconsideration of District Judge Moskowitz' order denying class certification, as such a motion for reconsideration would have had to be filed by January 26, 2012. *See* CivLR 7.1.i.2.

[2] District Judge Moskowitz' order states: "If, after further discovery, Plaintiff can present facts demonstrating that the requirements of Rule 23(a) and (b) have been satisfied, Plaintiff may bring a new motion for class certification." [Doc. No. 43 at 5, ll. 26-28.]

Plaintiff set forth the same arguments he sets forth here with regard to why he believes class discovery should be allowed to go forward. [*See* Doc. No. 45 at 4-5.] Magistrate Judge Stormes' specifically denied Plaintiff's request as follows:

> 2.   All fact discovery shall be completed by all parties on or before **April 12, 2012**. **Discovery is limited to the claims of the individual plaintiff, as Judge Moskowitz denied the motion for class certification.** . . .

[Doc. No. 47 at 1-2.]

Moreover, it cannot be said that Magistrate Judge Stormes' ruling was "clearly erroneous." Class action discovery ended on May 27, 2011. District Judge Moskowitz issued his order on December 29, 2011, more than seven months after the completion of class discovery. This Court does not interpret District Judge Moskowitz' order denying without prejudice the motion for class certification as reopening class discovery seven months after the expiration of such discovery. Therefore, Magistrate Judge Stormes' ruling was not "clearly erroneous," and the scheduling order stands.

## CONCLUSION

For the foregoing reasons Plaintiff's Objection to Magistrate's Scheduling Order is **DENIED**, and the scheduling order [Doc. No. 47] shall remain in effect.

DATED: April 17, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge